**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | | |
|---|---|---|
| KIMBERLY SAMANTHA ALLEN, | ) | |
| | ) | No. 4:12-cv-03540-DCN |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| CAROLYN W. COLVIN, *Acting* | ) | |
| *Commissioner of Social Security*,[1] | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on Magistrate Judge Thomas E. Rogers, III's

Report and Recommendation ("R&R") that this court affirm Acting Commissioner of

Social Security Carolyn Colvin's decision denying plaintiff's application for disability

insurance benefits ("DIB"). The plaintiff filed objections to the R&R. For the reasons

set forth below, the court adopts the R&R and affirms the Commissioner's decision.

## I.  BACKGROUND

Unless otherwise noted, the following background is drawn from the R&R.

### A.    Procedural History

Plaintiff Kimberly Samantha Allen ("Allen") filed an application for DIB on

October 9, 2009, alleging disability beginning on December 22, 2008. The Social

Security Agency ("the Agency") denied Allen's claim initially and on reconsideration.

Allen requested a hearing before an administrative law judge ("ALJ"), and ALJ Linda R.

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on
February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure,
Carolyn W. Colvin should be substituted for Michael J. Astrue as the defendant in this
lawsuit.

Haack held a hearing on May 10, 2011.  The ALJ issued a decision on July 6, 2011, finding Allen not disabled under the Social Security Act.  Allen requested Appeals Council review of the ALJ's decision.  The Appeals Council declined to review the decision, rendering the ALJ's decision the final action of the Commissioner.

On December 14, 2012, Allen filed this action seeking review of the ALJ's decision.  The magistrate judge issued an R&R on December 9, 2013, recommending that this court affirm the ALJ's decision.  Allen filed objections to the R&R on December 27, 2013.  The Commissioner filed a reply on January 13, 2014.  The matter has been fully briefed and is ripe for the court's review.

### B.     Medical History

Because Allen's medical history is not directly at issue here, the court dispenses with a lengthy recitation thereof and instead notes a few relevant facts.  Allen was born on November 18, 1975 and was thirty-three years old on the alleged onset date.  She completed high school and has past relevant work experience as a fast food worker and security guard.

### D.     ALJ's Decision

The ALJ employed the statutorily-required five-step sequential evaluation process to determine whether Allen was disabled from December 22, 2008 through July 6, 2011.  The ALJ first determined that Allen did not engage in substantial gainful activity during the period at issue. Tr. 12.  At the second step, the ALJ found that Allen suffered from the following severe impairments:  obesity, postpartum cardiomyopathy and mitral regurgitation with replacement; and hernia.  Id.  At step three, the ALJ determined that

2

Allen's impairments or combination of impairments did not meet or equal one of the listed impairments in the Agency's Listing of Impairments.  Tr. 13; see 20 C.F.R. Part 404, Subpt. P, App'x 1.  Before reaching the fourth step, the ALJ determined that Allen had the residual functional capacity ("RFC") to perform sedentary work, as defined by 20 C.F.R. § 404.1567(a).  Id.  Specifically, the ALJ found that Allen could lift and carry up to ten pounds occasionally and lesser amounts frequently; sit for six hours each in an eight-hour work day; stand and walk for two hours in an eight-hour workday from fifteen to thirty minutes at a time, with the freedom to change positions; never climb ropes, ladders, or scaffolds; never crouch, kneel, or crawl; and perform other postural maneuvers occasionally.  Tr. 13-14.  The ALJ further determined that Allen should avoid unprotected heights, dangerous and moving machinery, and concentrated exposure to heat, cold, humidity, and fumes.  Tr. 14.  The ALJ found, at step four, that Allen was unable to perform her past relevant work.  Tr. 17.  Finally, at step five, the ALJ determined that considering Allen's age, education, work experience, and RFC, she could perform jobs existing in significant numbers in the national economy, and therefore concluded that she was not disabled during the period at issue.  Tr. 18-19.

## II.  STANDARD OF REVIEW

This court is charged with conducting a de novo review of any portion of the magistrate judge's R&R to which specific, written objections are made.  28 U.S.C. § 636(b)(1).  A party's failure to object is accepted as agreement with the conclusions of the magistrate judge.  See Thomas v. Arn, 474 U.S. 140, 149-50 (1985).  The recommendation of the magistrate judge carries no presumptive weight, and the

responsibility to make a final determination rests with this court.  <u>Mathews v. Weber</u>, 423 U.S. 261, 270-71 (1976).

Judicial review of the Commissioner's final decision regarding disability benefits "is limited to determining whether the findings of the [Commissioner] are supported by substantial evidence and whether the correct law was applied."  <u>Hays v. Sullivan</u>, 907 F.2d 1453, 1456 (4th Cir. 1990).  Substantial evidence is "more than a mere scintilla of evidence but may be somewhat less than a preponderance."  <u>Id.</u>  (internal citations omitted).  "[I]t is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the [Commissioner] if his decision is supported by substantial evidence."  <u>Id.</u>  Where conflicting evidence "allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]," not on the reviewing court.  <u>Craig v. Chater</u>, 76 F.3d 585, 589 (4th Cir. 1996) (internal citation omitted).

## III.  DISCUSSION

Although Allen's objections are somewhat difficult to parse, she appears to object to the R&R on two grounds:  (1) the magistrate judge improperly weighed the evidence in considering whether Allen's impairments met Listing 4.02; and (2) the magistrate judge erred in finding that the ALJ's discussion was sufficient to demonstrate that she had considered Allen's impairments in combination.  The court considers each objection in turn.

4

### A.     Listing 4.02

Allen's first objection concerns the magistrate judge's finding that substantial evidence supported the ALJ's determination that Allen's impairments did not meet or medically equal Listing 4.02.  Pl.'s Objections 1.

Allen first argues that the magistrate judge improperly weighed the evidence himself, and while he "agreed that there was enough evidence to support a finding of disability," concluded that it was "not enough to overturn the ALJ's decision."  Id. at 2.  The magistrate judge determined that while the evidence Allen discusses in her argument "could potentially support a finding that her impairments meet or medically equal Listing 4.02, it is not enough to deny the ALJ's . . . findings."  R&R 10.  Rather than impermissibly weighing the evidence, the magistrate judge merely applied the well-established principle that an ALJ's conclusion should be upheld when it is supported by substantial evidence.  See Craig, 76 F.3d at 589.  "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]."  Id.  The court finds no error in the magistrate judge's determination that, although evidence in the record could have supported a finding of disability, substantial evidence supported the ALJ's decision.

Allen also briefly argues that the ALJ failed to reconcile conflicting evidence, and therefore the ALJ's decision is not supported by substantial evidence.  Pl.'s Objections 2.  However, Allen provides no further argument on this point.  Without further elaboration, it is impossible for the court to determine whether this objection has merit.

Allen's first objection fails.

5

### B.      Combination of Impairments

Allen next objects to the R&R on grounds that the magistrate judge erred by

determining that the ALJ adequately evaluated Allen's impairments in combination.  Pl.'s

Objections 2-3.

Federal law states that:

> In determining whether an individual's physical or mental impairment or impairments are of a sufficient medical severity that such impairment or impairments could be the basis of eligibility under this section, the Commissioner of Social Security shall consider the combined effect of all of the individual's impairments without regard to whether any such impairment, if considered separately, would be of such severity.

42 U.S.C. § 423(B) (2012); see also 20 C.F.R. § 404.1523 (2013) ("[W]e will consider

the combined effect of all of your impairments without regard to whether any such

impairment, if considered separately, would be of sufficient severity.").  As the Fourth

Circuit has explained, "a failure to establish disability under the listings by reference to a

single, separate impairment does not prevent a disability award."  Walker v. Bowen, 889

F.2d 47, 49 (4th Cir. 1989).

> It is axiomatic that disability may result from a number of impairments which, taken separately, might not be disabling, but whose total effect, taken together, is to render claimant unable to engage in substantial gainful activity.  In recognizing this principle, this Court has on numerous occasions held that in evaluating the effective [sic] of various impairments upon a disability benefit claimant, the Secretary must consider the combined effect of a claimant's impairments and not fragmentize them.

Id. at 50; see also Saxon v. Astrue, 662 F. Supp. 2d 471, 479 (D.S.C. 2009) (collecting

cases that describe the importance of analyzing a claimant's impairments both separately

and in combination).  "As a corollary, the ALJ must adequately explain his or her

evaluation of the combined effects of the impairments."  Walker, 889 F.2d at 50.

As another court in this district has noted, in the decades since <u>Walker</u>, the Fourth Circuit has provided little elaboration about what constitutes an "adequate" explanation. See <u>Brown v. Astrue</u>, No. 0:10-cv-1584-RBH, 2012 WL 3716792, at *6 (D.S.C. Aug. 28, 2012).  In an unpublished case, the Fourth Circuit held that the ALJ adequately explained his evaluation of the claimant's combination of impairments where he found the combination of impairments precluded heavy lifting, listed all of the alleged impairments, and discussed why he found many of the claimant's alleged symptoms not credible. <u>Green v. Chater</u>, 64 F.3d 657, 1995 WL 478032, at *3 (4th Cir. 1995) (unpublished). The <u>Brown</u> court found <u>Green</u> to suggest that "<u>Walker</u> was not meant to be used as a trap for the Commissioner."  <u>Brown</u>, 2012 WL 3716792, at *6.  When considering whether the ALJ properly considered the combined effect of impairments, the decision must be read as a whole.  <u>Id.</u> ("Accordingly, the adequacy requirement of <u>Walker</u> is met if it is clear from the decision as a whole that the Commissioner considered the combined effect of a claimant's impairments." (citing <u>Green</u>, 1995 WL 478032, at *3)).

The ALJ here engaged in a detailed in a detailed discussion of Allen's impairments.  Tr. 14-17.  The following passage in particular discusses the combined effects of Allen's impairments:

> The [RFC] <u>considers the claimant's cardiac condition and prescription medications, as well as her obesity and hernia</u>.  Specifically, the [RFC] takes into account limits on heights and hazards, fumes, temperature extremes, and humidity, <u>in consideration of the claimant's heart condition, medication, and allegations of shortness of breath</u> supported in the record. Moreover, the undersigned has provided the claimant with an option to change positions as needed.  Likewise, <u>in consideration of the claimant's obesity and hernia</u> her postural activities have been limited.

Tr. 17 (emphasis added).

7

The court agrees with the magistrate judge, and finds the ALJ's overall discussion and analysis was sufficient to demonstrate that he considered Allen's impairments in combination.[2] See Brown v. Astrue, 2012 WL 3716792, at *7 (finding that ALJ had considered impairments in combination in large part due to the ALJ's statement that "[a]fter a thorough review of the evidence of the record, I find that the claimant's impairments of morbid obesity, depression and diabetic neuropathy do not have a negative effect upon the claimant's ability to perform routine movement beyond the light residual functional capacity" (emphasis in original)); Thornsberry v. Astrue, No. 4:08-cv-4075, 2010 WL 146483, at *5 (D.S.C. Jan. 12, 2010) (holding that "while the ALJ could have been more explicit in stating that his discussion dealt with the combination of [claimant's] impairments, his overall findings adequately evaluate the combined effect of [claimant's] impairments").

Because the ALJ's decision indicates that she considered Allen's impairments in combination consistent with Walker, Allen's second objection fails.

## IV.   CONCLUSION

Based on the foregoing, the court **ADOPTS** the magistrate judge's R&R and **AFFIRMS** the Commissioner's decision.

---

[2] This court has recently remanded cases for further consideration of a claimant's severe impairments in combination. See, e.g., Locke v. Colvin, No. 6:12-cv-2751-DCN, 2014 WL 897342 (D.S.C. Mar. 6, 2014). However, the ALJs in those cases included no findings regarding the combined effect of the claimants' physical and mental impairments, nor any findings suggestive of consideration of the combined impairments, other than generic declarations such as "[t]he claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1." See id. at *3.

**AND IT IS SO ORDERED**.

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**March 20, 2014**
**Charleston, South Carolina**